## No. 9712.

### JACOB VON HOVEN vs. BARBARA WELLER, HIS WIFE.

In an action for divorce predicated on a previous judgment of separation from bed and board, rendered one year previously, it is incumbent on the plaintiff to allege and to prove that in the mean time no reconciliation had taken place.

The failure to make such proof is fatal to plaintiff's case.

He must make proof of all elements imposed as conditions precedent to the judgment which he seeks to obtain.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus,* J.

*B. R. Forman* for Plaintiff and Appellant.

Defendant unrepresented.

---

The opinion of the Court was delivered by

POCHÉ, J. This is a suit for divorce by the husband, predicated on a judgment of separation from bed and board rendered in his favor, one year previous to his present action, and the absence of reconciliation.

The wife made no defense in the lower court, and makes no appearance before this Court.

Plaintiff prosecutes this appeal from a judgment of non-suit against him.

The judge rested his conclusions on the failure of plaintiff to prove want of reconciliation between the date of the judgment of separation and the institution of the present suit.

He is sustained by the record as well as by the law of the case.

Art. 139 of the Civil Code grants the right of divorce to the party who has obtained a judgment of separation from bed and board, "when one year shall have expired from the date of the judgment of separation from bed and board, and no reconciliation shall have taken place."

A proper construction of the article leads to the conclusion that the success of the plaintiff in such a suit for divorce depends upon proof of the existence and combination of three essential and distinct elements, namely: first, a previous judgment of separation from bed and

board; second, the expiration of one year since the rendition of the judgment; and third, the absence of reconciliation between the parties since the rendition of the judgment.

The failure of proof of one of these elements or conditions, is as fatal as the omission of either or of both of the others. The conditions precedent imposed by the law are absolute, and mandatory, and no valid judgment can be rendered in default thereof.

Hence in the case of Daspit vs. Ehringer, 32 Ann. 1174, this Court said: "No other evidence having been introduced to show the absence of reconciliation, the plaintiff should have been non-suited."

Plaintiff's counsel invokes the rule of law that the burden of proof is on the one who holds the affirmative; hence he contends that the defendant is bound to allege and prove a reconciliation.

A ready answer to that argument is supplied by the Code itself, and by the record which shows that the defendant has made no appearance.

The case was put at issue by a default, which is equivalent to a general denial, with the burden of proof on plaintiff.

Cases resting upon special laws, cannot be tested under general principles.

In such actions as the present, the Code imposes on plaintiff the burden to allege and to prove the existence of the three conditions imposed by it, as hereinabove enumerated.

And this requirement is in perfect harmony with the general rule that in all actions the plaintiff must make out his case with legal certainty.

The whole theory of our law on the subject of divorce and of separation from bed and board, is to grant relief to one of the spouses, from wrongs on the part of the other which render their living together insupportable; hence a reconciliation is construed as a waiver of the complaint, and is held as a bar to any further proceeding.

Art. 152 of the Code reads: "The action of separation shall be extinguished by the reconciliation of the parties, either after the facts which might have given ground to such action, or after the action has been commenced."

Such would be the legal effect of a reconciliation between the parties after the judgment of separation from bed and board, in a subsequent demand predicated on said previous judgment.

It was therefore incumbent on plaintiff to prove the want of such reconciliation, as a condition precedent to his success in the present action.

We therefore hold that the failure of plaintiff to prove the absence of reconciliation was fatal to his case.

Judgment affirmed.